IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| JAMES S., | * |
|     Plaintiff, | * |
| v. | *   Civil No. TMD 19-2502 |
| ANDREW M. SAUL, Commissioner of Social Security, | * |
|     Defendant. | * |

***********

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff James S. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for Supplemental Security Income under Title XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 17).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

## Background

On May 3, 2018, Administrative Law Judge ("ALJ") Francine L. Applewhite held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 41-72. The ALJ thereafter found on July 20, 2018, that Plaintiff was not disabled since the application date of December 29, 2015. R. at 17-40. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since December 29, 2015, and that his total knee replacement and spastic dysphonia were severe impairments. R. at 22-23. The ALJ found that Plaintiff's mental impairments were not severe, however. R. at 23. The ALJ also found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 23-24.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 416.967(b) except occasional climbing of ladders, ropes, scaffolds, stairs, or ramps; occasional stooping, crouching, crawling, or kneeling; jobs limited to those that do not require constant communication with frequent interaction with the public, coworkers, or supervisors." R. at 24.[2] In light of this RFC and the VE's testimony, the ALJ found that, although he could not perform his past relevant work as an irrigation installer, Plaintiff could perform other work in the national economy, such as a laundry folder, mail clerk, or cleaning housekeeper. R. at 31-33. The ALJ thus found that Plaintiff was not disabled since December 29, 2015. R. at 33.

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.*

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 29, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

### Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production

and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4),

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ failed to follow the special technique for evaluating mental impairments under 20 C.F.R. § 416.920a. Pl.'s Mem. Supp. Mot. Summ. J. 14-18, ECF No. 15-1. He also argues that the ALJ erroneously evaluated his RFC. *Id.* at 3-12. Plaintiff finally maintains that the ALJ erroneously evaluated his subjective complaints. *Id.* at 12-14. For the reasons discussed below, the Court remands this case for further proceedings.

"The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. In addition to the five-step analysis discussed above in Part II and outlined in 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. These regulations require application of a psychiatric review technique at the second and third steps of the five-step framework, *Schmidt v. Astrue*, 496 F.3d 833, 844 n.4 (7th Cir. 2007), and at each level of administrative review. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). If the claimant is found to have such an impairment, then the reviewing authority must "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," *id.* §§ 404.1520a(b)(2), 416.920a(b)(2), which specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with

others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself" (the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)).  *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3).  "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning."  20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b).  According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities."  20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).  If the claimant's mental impairment is severe, then the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder.  *Id.* §§ 404.1520a(d)(2), 416.920a(d)(2).  If so, then the claimant will be found to be disabled.  If not, the reviewing authority will then assess the claimant's RFC.  *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3).  "The ALJ's decision must show the significant history and medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas."  *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662, 659 (4th Cir. 2017).  The "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review."  *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Plaintiff's "medically determinable mental impairments of mixed anxiety and depressive disorder and posttraumatic stress disorder, considered singly and in combination, do not cause more than minimal limitation in [his] ability to perform basic mental work activities and are therefore non-severe." R. at 23.

> [Plaintiff] received minimal mental health care during the period in question. Psychiatric records available show that [Plaintiff] displayed atypical raspy speech and anxiety. However, [Plaintiff] also showed good eye contact, full orientation, a typical affect, goal-directed thought processes, no auditory or visual hallucinations, intact memory, good judgment and insight, average intelligence, and a cooperative behavior.
>
> I have considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four areas of mental functioning are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering, or applying information. In this area, [Plaintiff] has no limitation. The next functional area is interacting with others. In this area, [Plaintiff] has a mild limitation. The third functional area is concentrating, persisting, or maintaining pace. In this area, [Plaintiff] has no limitation. The fourth functional area is adapting or managing oneself. In this area, [Plaintiff] has a mild limitation.
>
> Because [Plaintiff's] medically determinable mental impairments cause no more than "mild" limitation in any of the functional areas, they are non-severe (20 CFR 416.920a(d)(1)).

R. at 23 (citations omitted).

Here, the Court is "unable to determine what medical evidence [the ALJ] relied on to make her determination for **each** of the functional areas." *Wendy S. v. Saul*, No. 8:18-CV-03441-GLS, 2020 WL 1443028, at *3 (D. Md. Mar. 23, 2020). Although Defendant argues that the ALJ considered Plaintiff's mental impairments in the narrative discussion supporting her RFC analysis, the Court is "unable to discern how the ALJ ultimately made her determination. The Court agrees that the ALJ summarized the medical evidence during her step 4 analysis." *Id.* "However, although the ALJ in this case assigned weight to each medical source opinion, the

9

ALJ failed to narratively explain the reasons for each finding related to Plaintiff's functional limitation and cite to the relevant medical evidence." *Id.* "The ALJ's explanation of her findings is inadequate to permit meaningful review.  At this juncture, [the Court is] unable to conclude that substantial evidence exists to support the ALJ's decision." *Id.* (citing *Patterson*, 846 F.3d at 659; *Chandler v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-1408, 2016 WL 750549, at *2 (D. Md. Feb. 24, 2016)).  In short, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).  An ALJ's failure to do so constitutes reversible error.  *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017).  The Court thus remands this case for further proceedings.

Because the Court remands on other grounds, it does not address Plaintiff's remaining arguments.  *See Wendy S.*, 2020 WL 1443028, at *4.  In any event, the ALJ also should address these other issues raised by Plaintiff.  *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues."). When evaluating on remand Plaintiff's subjective complaints, the ALJ must consider the type of activities he can perform, the extent to which he can perform them, and how his activities show that he can persist through an eight-hour workday.  *See Woods*, 888 F.3d at 694-95; *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 263 (4th Cir. 2017).  The ALJ must also explain her conclusion that, on the basis of the evidence in the record, Plaintiff can actually perform the tasks required by light work, such as lifting no more than 20

10

pounds at a time, frequently lifting or carrying up to 10 pounds, or standing or walking for six hours in an eight-hour workday.  *See* Social Security Ruling 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983); *see also Woods*, 888 F.3d at 694; *Monroe*, 826 F.3d at 190-91 (finding ALJ's analysis that opinions were "supported by the objective evidence" or "consistent with the objective evidence and other opinions of record" or "supported by the objective evidence and the claimant's subjective complaints" precluded meaningful review because analysis was conclusory and incomplete).

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 15) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: September 8, 2020                                    /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge